UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 09-07-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JERRY LEE SARGENT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Jerry Lee Sargent's request that he be allowed to withdraw his guilty plea, entered October 27, 2009, and proceed to trial on the charge contained in the Indictment. Having considered the defendant's request and the United States response, the Court will deny the relief sought by Sargent.

**I.**

Defendants Sargent, Bobby Cockerell III, and Christopher Marshall were indicted on April 3, 2009, after escaping from prison in Indiana, stealing firearms in Kentucky, and eventually being apprehended in Nebraska. The one-count indictment returned on that date charged Sargent and his co-defendants with a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On October 27, 2009, Sargent entered a guilty plea to the charge pursuant to a written Plea Agreement with the government. [Record No. 57] Following the defendant's guilty plea, a

Presentence Investigation Report (PSR) was prepared by the United States Probation Officer assigned to the matter.[1]

Following disclosure of the PSR to Sargent, the defendant wrote to the Probation Officer to complain about several items contained in the report. The letter also indicates that the defendant seeks to withdraw his guilty plea for a variety of reasons. On January 25, 2010, the United States filed a pleading captioned "Government's Response to Defendant's *Pro Se* Sentencing Objections and Motion to Withdraw Guilty Plea." [Record No. 65] A copy of Defendant Sargent's letter is attached to that response. Thus, it has now been made available to the undersigned for review.

## II.

During the October 27, 2009, hearing regarding the defendant's motion for rearraignment, the Court confirmed that Sargent was fully competent and able to enter a guilty plea. Additionally, the Court confirmed that the written Plea Agreement and supplement contained the parties' only agreements and that the defendant was not entering a guilty plea based on other terms, threats, or promises that were not disclosed to the Court during the hearing.

The Court also reviewed the potential penalties which might be imposed if the defendant's guilty plea were accepted. And the Court advised Sargent of the factors to be considered under 18 U.S.C. § 3553 in the imposition of his sentence. With respect to the

---

[1] The PSR has been disclosed to the parties. However, it has not yet been disclosed to the Court. Therefore, the Court is unaware of the specific objections raised with respect to items such as prior convictions that are referenced in Sargent's letter.

defendant's possible designation as an Armed Career Criminal, the Court specifically reviewed paragraph 4 of the written Plea Agreement which provides that,

> If the Defendant is determined to be an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), the maximum statutory penalty for the Count of the Indictment would be imprisonment for not less than 15 years and not more than life, a fine of not more than $250,000, and a term of supervised release of not more than 5 years.[2]
>
> If the Defendant is not determined to be an Armed Career Criminal, the maximum statutory punishment for the Count of the Indictment would be imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years.
>
> In either case, a mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.
>
> The government's position is that the Defendant qualifies for the Armed Career Criminal designation because of his convictions for the following violent felony offenses:
>
> a. Arson, Grant County, Kentucky, Circuit Court, case number 73-16;
>
> b. Armed Robbery and Armed Criminal Confinement, Clark County Indiana, Circuit Court, case number 10C01-8712-CF053; and
>
> c. First Degree Rape, Jefferson County, Kentucky, Circuit Court, case number, 88-cr-89.
>
> The Defendant reserves the right at sentencing to argue against the Armed Career Criminal designation.

[Record No. 57] In addition to reviewing this paragraph with Sargent, the Court also read and discussed the waiver provision contained in paragraph 8 under which the defendant agreed that

---

[2] The original draft of the Plea Agreement incorrectly listed the maximum term of supervised release to be three years if the defendant were found to be an Armed Career Criminal. This typographical error was corrected and reviewed during the October 27th hearing.

he waived the right to appeal and the right to attack collaterally his guilty plea and conviction. [*Id.*] Further, the Court explained to Sargent that, while he reserved the right to appeal his sentence, he could not withdraw from his guilty plea based on a disagreement with his guideline calculation or if he were ultimately unhappy with the sentence imposed. Sargent clearly understood the consequences of his guilty plea.

After disclosure of the PSI, Sargent wrote to the Probation Officer for the purpose of objecting to many items contained in the report. In relevant part, Sargent claims that he perjured himself at the October 27th hearing by "going along with the prosecutor and lawyer doing what they asked [him] to do because [he] was told prior to the court hearing [he] would receive 10 yr. total time" as opposed to fifteen years to life. Sargent attempts to explain his actions by claiming that he was under "extreme mental distress and physical pain . . ." and could not "think straight period." He then makes the following contention: "What the prosecutor and lawyer told me was if I went along with FBI and police departments [and] told them all I knew, I could get a 10 yr. sentence, total."[3] Based on these assertions, Sargent indicates that he is retracting all statements in the Plea Agreement and requesting a jury trial. [Record No. 65; attached letter]

The United States strongly opposes the defendant's attempt to withdraw his guilty plea. With regard to Sargent's claim that he was promised a ten-year sentence, the government states that "nothing could be further from the truth." More specifically, it contends that,

---

[3]   The Sealed Supplement to Plea Agreement provides for the possibility of a departure under United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e).

> Neither the undersigned nor co-counsel . . . has ever spoken to the Defendant. In fact, neither AUSA can specifically recall even exchanging simple pre-hearing pleasantries with the Defendant.  Further belying the Defendant's false assertion is his insistence that, "What the prosecutor and lawyer told me, was if I went along with FBI and police departments and told them all I know, I would get 10 yr. sentence total."  The FBI has had no involvement with the investigation of the instant matter and, to the best understanding of the undersigned, has never been contacted about this case in any way.
>
> The only assurances that have ever been made to the Defendant are contained in his written plea agreement.  Indeed, in Paragraph 13 of his plea agreement, the Defendant and his counsel acknowledge, "This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant."

[Record No. 65, p. 2]

### III.

A defendant may withdraw a guilty plea only of he can establish "fair and just reason" for doing so.  *See* Rule 11 (d), Fed. R. Crim. P.  On several occasions, the Sixth Circuit has addressed the factors to be considered in determining whether a defendant should be allowed to withdraw a plea prior to sentencing.  *See United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987); *United States v. Alexander*, 948 F.2d 1002 (6th Cir. 1991); *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994); *United States v. Baez*, 87 F.3d 805 (6th Cir. 1996); *United States v. Durham*, 178 F.3d 796 (6th Cir. 1999); *United States v. Hunt*, 205 F.3d 931 (6th Cir. 2000); and *United States v. Gregory*, 2002 U.S. App. LEXIS 15399 (6th Cir., July 26, 2002), *cert. denied*, 537 U.S. 1037 (2002).

In *United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987), the defendant was indicted on several counts related to a bank robbery.  While represented by counsel, he initially agreed to a plea bargain and entered a guilty plea.  However, he later changed his mind and filed a motion

to withdraw his plea. The District Court for the Northern District of Ohio denied the motion and sentenced the defendant in accordance with his plea agreement. On appeal, the Sixth Circuit affirmed the district court's determination based, in part, on the fact that the defendant: admitted under oath that he committed the crime charged; was familiar with the criminal justice system because he was already serving another sentence for a different crime and; failed to present evidence that proved threats or duress in the entry of his guilty plea as alleged in his motion to withdraw the plea.

Citing *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987), the Sixth Circuit explained in *Spencer* that there are several factors a district court may consider when evaluating whether a defendant has established a "fair and just" reason to withdraw his guilty plea. One factor is the length of time between entry of the guilty plea and the filing of the motion to withdraw it.[4]

A second factor to be considered is why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings. As the court noted regarding this factor, "where a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker." *Spencer*, at 239 (citations omitted). The third factor the Sixth Circuit noted in *Spencer* concerned whether the defendant has asserted or

---

[4] With respect to this factor, the Sixth Circuit cited *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984) in support of its holding. In *Carr*, the Fifth Circuit affirmed the lower court's denial of a motion to withdraw a plea of guilty based, in part, on it untimely nature. Regarding this issue, the court stated that, "we find the motion was not promptly filed. The defendant waited twenty-two days before filing his motion for withdrawal of his guilty plea – only three days before sentencing. The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* at 345.

maintained his innocence. *Id.* at 239. Fourth, the district court may consider the circumstances underlying the entry of the guilty plea, the nature and background of the defendant, and whether the defendant has admitted his guilt. *Id.* at 239-240. Applying these factors to the facts presented, the Sixth Circuit held that the lower court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea.

In *United States v. Alexander*, 948 F.2d 1002 (6th Cir. 1991), the defendant attempted to withdraw his guilty plea and reopen a previously-conducted suppression hearing. In denying the motion, the court noted that the motion to vacate was filed approximately five months after entry of the plea of guilty. Further, the defendant failed to offer any reason for neglecting to raise the grounds for vacating the plea at an earlier point in the proceedings and failed to articulate any reasons for not calling witnesses who were available at the time of the suppression hearing.

Affirming the district court's denial of the defendant's motion, the Sixth Circuit explained that, while prejudice to the government is a factor to be considered, prejudice need not always be shown.

> In determining whether a fair and just reason has been advanced . . . Courts have taken into account the absence of a defendant's vigorous and repeated protestations of innocence . . . a defendant's lack of innocence or naivete with respect to the criminal justice system . . . and finally the potential prejudice to the government should the plea be withdrawn. The prejudice to the government need not be established or considered unless and until the defendant has established a fair and just reason for vacating his plea.

*Id.* at 1004.

In *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), the court listed the following seven factors to be considered in determining whether a motion to withdraw a plea of guilty should be granted:

1) The amount of time that elapsed between the plea and the motion to withdraw it;

2) The presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

3) Whether the defendant has asserted or maintained his innocence;

4) The circumstances underlying the entry of the guilty plea;

5) The defendant's nature and background;

6) The degree to which the defendant has had prior experience with the criminal justice system; and

7) Potential prejudice to the government if the motion to withdraw is granted.

*Id.* at 1181.

Applying these factors, the court noted that Bashara complained to the probation officer eleven days after entering his guilty plea. Although he later called his attorney, he was advised not to withdraw his plea. Following a two week hospitalization, the defendant then wrote a letter to the Court explaining the reasons that he wanted to withdraw his plea. And approximately two weeks after that, he formally moved to withdraw the plea.

At a subsequent hearing, Bashara claimed that his former attorney has pressured him to plead guilty because the attorney was not adequately prepared to conduct a defense. However, the defendant testified that he continued to feel that the government has a weak case against him. He later conceded at the hearing that while he was heavily involved in the use of drugs

and was not innocent of trafficking in drugs, he claimed that he did not traffic "to the extent that I'm being indicted for." *Id.* at 1181.

Notwithstanding these facts, the Sixth Circuit found no abuse of discretion by the trial court in denying the motion to withdraw the guilty plea based on the court's determination that the defendant did not assert his innocence and the fact that his detailed answers to the court's questions about his involvement in the crimes to which he has entered a plea reflected "an intelligent" acknowledgment of guilt. Thus, his plea "was not the result of a hastily entered plea made with an unsure heart or a confused mind." *Id.*

The Sixth Circuit again addressed the factors to be addressed by trial courts in evaluating motions to withdraw guilty pleas in *United States v. Baez*, 87 F.3d 805 (6th Cir. 1996). *Baez* involved a defendant charged with conspiring to distribute and possess with intent to distribute cocaine in violation of Title 21 of the United States Code, Section 846, and money laundering in violation of Title 18, U.S.C. § 1956 (a). The defendant pleaded guilty to both charges. However, at a sentencing hearing scheduled two months later, the defendant moved the court for leave to withdraw his plea. According to Baez, the plea should have been withdrawn because the trial court failed to establish a factual basis for the plea pursuant to Rule 11 (f), Fed. R. Crim. P. The trial court disagreed and denied the defendant's request to withdraw his guilty plea.

On appeal, the court limited its analysis under Rule 32 to the following four factors: (1) the delay in filing the motion to withdraw the plea; (2) the reasons for any delay; (3) whether the defendant has consistently maintained his innocence; and (4) the circumstances underlying

the pleas and the background of the defendant.[5] In upholding the lower court's determination, the Sixth Circuit recognized that Baez admitted his guilt at the plea hearing and did not reassert his innocence until the day of sentencing. No evidence was presented of any unusual circumstances underlying the plea, such as the defendant's naivete with the criminal justice system. Further, because the defendant has indicated during the plea hearing that he understood the charges against him, understood his rights, had not been pressured, and was satisfied with the representation he received from his attorney, the Sixth Circuit concluded that the district court did not err in denying Baez's motion to withdraw him plea of guilty. Additionally, the court found that the requirements of Rule 11 (f) had been met based on the defendant's representations that he had read the entire plea agreement which contained a factual basis for the plea. *Id.* at 809.

In *United States v. Durham*, 178 F.3d 796 (6th Cir. 1999), the defendant appealed from orders of this Court (Judge Karl S. Forester presiding) that denied, *inter alia*, his motion to withdraw his guilty plea to the charge of escape from a half-way house. In affirming the lower court's denial of the defendant's motion, the Sixth Circuit held that the defendant had failed to demonstrate "a fair and just reason for withdrawal of his plea" as required by Federal Rule of Criminal Procedure 32 (e).

Citing *Spencer*, *supra*, at 239-240, the court listed the following factors to be considered in determining whether to grant a motion to withdraw:

---

5  It appears that the fourth factor listed in *Baez* may encompass several of the other factors identified in earlier cases discussed above.

1. The length of time between the guilty plea and the filing of the motion to withdraw,

2. The defendant's reason for not presenting the grounds earlier,

3. Whether the defendant has asserted or maintained his innocence,

4. The circumstances surrounding the plea, the nature and background of the defendant, and whether the defendant has admitted guilt, and

5. Any potential prejudice to the government, although a showing of prejudice is not necessary.

*Durham*, at 798. The court further noted that the defendant's prior experience with the criminal justice system should be considered as a sixth factor. *See United States v. Pluta*, 144 F.3d 968, 973 (6th Cir 1998).

Durham waited approximately seventy-five days to file his motion after entering a plea of guilty. Further, he did not maintain his innocence with regard to the escape. And with respect to the circumstances surrounding the plea, Durham argued that the government had coerced him into pleading guilty because the Assistant United States Attorney had contacted his pregnant girlfriend in an attempt to convince hem to plead guilty to the escape charge. However, the attorney for the government denied contacting the girlfriend and the trial court found that the defendant had failed to prove coercion. In addition to Durham's prior experience with the criminal justice system due to a prior bank robbery conviction, the trial court found that the government would be prejudiced if the motion were granted because the United States would be required to prepare its case for trial once again. Applying the above-listed factors, the court concluded that the defendant failed to articulate a "fair and just reason" in

support of his motion. Thus, the district court did not abuse its discretion in denying Durham's motion to withdraw.

The Sixth Circuit again outlined the factors to be considered in evaluating a motion to withdraw a guilty plea in *United States v. Hunt*, 205 F.3d 931 (6th Cir. 2000). In *Hunt*, the defendant claimed that the government violated the written terms of the plea agreement and breached its oral promises to him. More specifically, Hunt argued that the government had orally promised to administer a polygraph to the defendant but failed to do so. He asserted that the United States had agreed that it would not confiscate two vehicles if the polygraph results showed that the defendant had not used the vehicles in the commission of the drug offense charged. In response, the United States pointed out that the alleged promises were not included in the written plea agreement and, in any event, were not intended to be binding on the government.

Because the defendant did not file an affidavit attesting to a side agreement with the government, the trial court declined to hold a hearing on the defendant's motion to withdraw his plea of guilty. The court concluded that the defendant had failed to show any fair and just reason to support the defendant's request. On appeal, the Sixth Circuit concluded that a hearing was not required under the facts presented. "Given [the government's] denial [of a side agreement], the integration clause [contained in the written plea agreement], and defendant's failure to file an affidavit, the district court was correct in finding that no hearing was necessary." *Id.* at 936.

Citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), the Sixth Circuit then listed seven factors to be considered in determining whether a defendant has stated a fair and just reason to allow withdrawal of a plea. According to the court's pronouncement in *Hunt*, these seven factors are:

> 1) the amount of time that elapsed between the plea and the motion to withdraw it; 2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the degree to which the defendant has had prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted.

*Hunt*, at 937.[6]

Applying these factors, the Sixth Circuit concluded that the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea given: the length of time between the entry of the defendant's plea and the motion for withdrawal; the absence of any breach of the plea agreement; the defendant's confession of guilt; a careful reading of the plea agreement's terms to the defendant during the plea hearing; and the defendant's criminal history.

Applying these seven factors to the present case, the Court concludes that the Sargent's motion should be denied.

    1.    *The Amount of Time That Elapsed Between Entry of the Guilty Plea and the Defendant's Motion to Withdraw*

As indicated in the United States' response, approximately 84 days passed from the defendant's entry of his guilty plea until the time that his request to withdraw his plea was

---

[6] More recently, in *United States v. Quinlan*, 473 F.3d 273, 276-77 (6th Cir. 2007), and *United States v. Graham*, 278 Fed. Appx 538, 547 (6th Cir., May 16, 2008), these same seven factors were applied by the Sixth Circuit in evaluating similar motions.

communicated to the United States. While the Sixth Circuit has upheld the denial of a motion to withdraw a guilty plea when the period of time between the motion and the plea is as little as thirty-five days, and has cited with approval other circuits that have denied similar motions when less intervening time is involved, this Court believes that the time period should be examined in light of all of the other factors to be considered as well as the facts known to the defendant at the time the plea is entered and those discovered which allegedly lead to the Rule 11 motion. *See United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987) (motion to withdraw guilty plea denied where time period between the entry of plea and motion to withdraw was 35 days) and *United States Carr*, 740 F.2d 339 (5th Cir. 1984) (motion to withdraw guilty plea denied where time period between the entry of plea and motion to withdraw was 22 days). However, in addressing this factor, the key determination is whether the plea of guilty was hastily made with an unsure heart and a confused mind. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1994).

At the time his guilty plea was entered, Sargent acknowledged that no other agreement existed concerning his plea of guilty. Likewise, the defendant's decision to enter a guilty plea was not made in haste or confusion. Instead, it appears that Sargent waited until the receipt of his PSR before seeking to undo his plea. As in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), the defendant made the tactical decision to wait several weeks, review his PSR, and then attempt to withdraw his guilty plea after concluding that he made a bad choice in pleading guilty. *Id.* at 345. As outlined above, Rule 11(d) is not designed to allow such actions by defendants. Thus, the Court does not believe that the time elapsed between the defendant's entry of a plea of guilty and his subsequent request to withdraw this plea supports the relief requested.

2.  *The Presence (or Absence) of a Valid Reason for the Failure to Move for Withdrawal Earlier in the Proceedings*

Likewise, the defendant has not presented a valid reason for his failure to move to withdraw his guilty plea earlier in the proceedings. Sargent has not offered evidence (affidavits or otherwise) to support his assertions that any promises – other than those contained in the written Plea Agreement and supplement – were made to induce him to enter a guilty plea. As in *United States v. Hunt*, 205 F.3d 931 (6th Cir. 2000), this Court concludes that the defendant's mere assertions are insufficient to support his claims.

3.  *Whether the Defendant Has Asserted or Maintained His Innocence*

With the exception of his arraignment, the defendant has not maintained that he is innocent of the charge contained in the indictment. Instead, during the plea hearing held in this matter on October 27, 2009, he readily acknowledged his guilt which was also confirmed in the accompanying written Plea Agreement [Record No. 57]. And as noted by the government, "a defendant's statements at a plea hearing should be regarded as conclusive [as to truth and accuracy] in the absence of a believable, valid reason justifying a departure from the apparent truth of those statements." *United States v. Owens*, 215 Fed. Appx 498, 502 (6th Cir. 2007) (quoting *United States v. Cinnamon*, 112 Fed. Appx 415, 419 (6th Cir. 2004)).

The defendant further confirms his guilt in the letter in which he seeks to withdraw his plea. According to Sargent, "I did not have 9 firearms. I had <u>one</u> and 2 did not at any time see the others <u>ever</u>." [Record No. 665; attached letter, p. 5 (emphasis in original)] While actual or constructive possession of multiple firearms may be the basis for a guideline enhancement,

possession of one is enough to support the defendant's guilty plea. Accordingly, this factor does not support the defendant's motion.

4. *The Circumstances Underlying the Entry of the Guilty Plea*

The defendant attempts to avoid the consequences of his guilty plea hearing by contending that he was under "mental duress" and "physical pain" at the time of the plea hearing. Such assertions, without more, are insufficient to overcome the clear and unambiguous testimony given at the defendant's hearing. It was and is clear to the Court that the Sargent was fully aware of the evidence against him at the time his plea was entered. It is also clear that his claims of mental and physical impairments are without support.

5. *The Defendant's Nature and Background*

This Court has determined that Sargent was fully aware of the nature of the proceedings against him. Further, he is fully familiar with the workings of the criminal justice system. Clearly, he had the capacity to evaluate the impact of his plea as well as the risk he would be taking by proceeding to trial. Likewise, he is unable to disavow his acknowledgment to the Court's statement during the October 27, 2009, hearing that it would be impossible for the Court or for the defendant's attorney to know precisely what the guideline range would be in his case until such time as the PSR had been completed and any objections to the PSR resolved.

6. *The Degree to Which the Defendant Has Had Prior Experience with the Criminal Justice System*

The defendant cannot reasonably dispute the United States' assertion that he has an extensive criminal history (*i.e.*, multiple convictions for felony offenses and and numerous prison terms) and that his background is tied directly to his experience with the criminal justice system.

This factor discounts any assertion that the defendant was unaware of the consequences of his guilty plea.

       7.       *Potential Prejudice to the Government If the Motion to Withdraw Is Granted*

Although the United States is not required to demonstrate prejudice unless the defendant is able to carry his burden of establishing a "fair and just reason" to support the withdrawal of his guilty plea (*see United States v. Alexander*, 948 F.2d at 1004), the Court believes that prejudice would likely occur if the defendant's motion were granted. The United States points out that, if the defendant is allowed to withdraw his plea, more than a dozen witnesses will need to travel from Nebraska, Kansas, Indiana and Northern Kentucky to testify to matters that occurred over ten months ago.

## IV.

Defendant Jerry Lee Sargent's decision to enter a guilty plea on October 27, 2009, was not the result of haste nor was it made with an unsure heart or a confused mind. Likewise, the Court concludes that Sargent's present attempt to change his plea is not due to a claim of actual innocence, but the result of a the deliberate and tactical attempt to avoid the consequences of information contained in his PSR. Sargent has not met his burden of establishing a fair and just reason supporting his motion to withdraw his plea of guilty to the one-count Indictment. Having reviewed all seven factors, the Court concludes that none supports the relief requested by Sargent.

Finally, under the circumstances presented, the Court concluded that a hearing is not necessary to resolve Sargent's request. Accordingly, it is hereby

**ORDERED** that the defendant's request to withdraw his guilty plea is **DENIED**.  Any objections which have been properly raised to information contained in Sargent's PSR will be addressed at the time of the sentencing hearing.

This 27th day of January, 2010.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge