UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3: 09-07-DCR |
| | ) | and |
| V. | ) | Civil Action No. 3: 14-7360-DCR |
| | ) | |
| JERRY LEE SARGENT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On March 20, 2009, Defendant Jerry Lee Sargent and two other Indiana inmates escaped from Indiana's Branchville Correctional Facility. The three escapees were eventually captured in Nebraska. However, prior to their arrest, Sargent and his co-defendants committed several crimes.[1] On April 3, 2009, a federal grand jury returned an Indictment charging Sargent with possessing several firearms during the crime spree in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). [Record No. 2] As outlined in the penalty page attached to the indictment, Sargent faced a term of imprisonment ranging from fifteen years to life if convicted of the federal offense. [*Id*.]

The facts of the case did not bode well from Sargent. Following a competency evaluation, Sargent was found competent to proceed to trial. [Record Nos. 43, 48] Shortly thereafter, he moved the Court to be re-arraigned on the firearms charge for the purpose of entering a guilty plea. [Record No. 49] The Plea Agreement tendered to the Court at the time

---

[1] A summary of Sargent's criminal conduct following his escape is outlined in the transcript of his sentencing hearing. [Record No. 90]

-1-

of Sargent's change of plea outlined the following elements the United States would have been required to prove if the matter proceeded to trial: first, that Sargent had been previously convicted of a felony offense; second, that Sargent knowingly possessed one or more of the firearms listed in the indictment on or around the date charged; and third, that Sargent's possession of one or more of the listed firearms affected interstate commerce. [Record No. 74] Additionally, the written Plea Agreement outlined the maximum statutory penalty for a conviction under 18 U.S.C. § 924(e). Paragraph 4 of the Plea Agreement also identified three felony convictions that the United States asserted constituted qualifying, violent felony offenses. [Record No. 57] The Court reviewed and discussed this information with Sargent at the time he entered his guilty plea.[2]

A sentencing hearing was held on February 9, 2010. In advance of this hearing, counsel for Sargent filed objections to the Presentence Investigation Report which recommended that the defendant qualified as an Armed Career Offender based on his prior felony convictions. During the sentencing hearing, counsel for Sargent argued that a 1973 arson conviction and a 1976 conviction for wanton endangerment should not be considered as a qualifying felonies. The defendant's objections, however, were rejected by the Court. [Record No. 90, pp. 6-12] Sargent was found to have a guideline range for imprisonment of 324 to 405 months. [Record No. 90, p. 23]

Following allocution, the Court sentenced Sargent to a total term of incarceration of 327 months. [Record No. 76] Although the sentence imposed was within the defendant's guideline

---

[2] Sargent later attempted to withdraw his guilty plea. That attempt, however, was unsuccessful. [Record No. 66]

range, it reflected a sixty-month departure for substantial assistance under United States Guideline Section 5K1.1. [Record No. 90, p. 58] On January 9, 2012, the United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment, finding that Sargent, in fact, qualified for enhanced penalties under the Armed Career Criminal Act based on his prior felony convictions. [Record No. 95]

Sargent did not take any further action for nearly two and one-half years. However, on July 31, 2014, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 3553. [Record No. 106] Through this motion, Sargent argues that collateral relief is appropriate based on the Supreme Court's holding in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). More specifically, Sargent asserts that it was error for the Court – as opposed to a jury – to enhance his sentence based on his prior felony convictions.

In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."[3] 133 S. Ct. at 2155. Because the case was decided on direct appeal, there is no indication in *Alleyne* that the Supreme Court intended its holding to apply retroactively to cases on collateral review, and the Sixth Circuit has not yet spoken on the issue. As a result, this Court must "decide retroactivity in the first instance." *Wiegand v. United States*, 380 F.3d 890, 893 (6th Cir. 2004).

---

[3] The Supreme Court has previously held that recidivism — *i.e.*, a defendant's record of prior convictions — is not an "element" of an offense and, therefore, does not need to be charged in the indictment or submitted to the jury. *Almendarez-Torres v. United States*, 523 U.S. 224, 243-47 (1998); *see Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("[A]ny fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."). The *Alleyne* Court acknowledged this "narrow exception to the general rule for the fact of a prior conviction" and declined to revisit the holding in *Almendarez-Torres*. 133 S. Ct. at 2160 n.1.

Generally, a new rule of law decided after a defendant's conviction becomes final may not be applied to that defendant's case on collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). However, there are two exceptions to this rule. The retroactive application of a new rule is appropriate when:

> 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*In re Green*, 144 F.3d 384, 386 (6th Cir. 1998).

The holding in *Alleyne* does not fall within either of these exceptions. The *Alleyne* Court did not place any individual conduct beyond the power of the United States to punish, nor did it prohibit the imposition of any type of punishment. And the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure. *See Caspari v. Bohlen*, 510 U.S. 383, 396 (1994) (describing watershed rule as "a groundbreaking occurrence"); *Saffle v. Parks*, 494 U.S. 484, 495 (1990) ("Although the precise contours of this exception may be difficult to discern, we have usually cited *Gideon v. Wainwright*, 372 U.S. 335 (1963), holding that a defendant has the right to be represented by counsel in all criminal trials for serious offenses, to illustrate the type of rule coming within the exception."). Further, as the Seventh Circuit has explained,

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not retroactive).

*Simpson v. United States*, No. 13-2373, 2013 U.S. App. LEXIS 13902, at *3 (7th Cir. July 10, 2013); *see also Affolter v. United States*, No. 4:13CV01413, 2013 U.S. Dist. LEXIS 104835, at *5 n.2 (E.D. Mo. July 26, 2013).

This Court has recognized on other occasions that the rule announced in *Alleyne* does not have retroactive effect. *See United States v. Graham*, 2013 U.S. Dist. LEXIS 115414 (Aug. 15, 2013). *See also Affolter*, 2013 U.S. Dist. LEXIS 104835, at *5 (declining to apply *Alleyne* as it "does not fall within either of the exceptions to the non-retroactivity rule"); *United States v. Eziolisa*, No. 3:10-cr-039, 2013 U.S. Dist.102150, at *6-8 (S.D. Ohio July 22, 2013) ("*Alleyne* does not apply retroactively to [this] case so as to extend the statute of limitations."); *United States v. Stanley*, No. 09-CR-0022-JHP, 2013 U.S. Dist. LEXIS 98943, at *20-21 (N.D. Okla. July 16, 2013) ("[B]ecause the Court finds that *Alleyne* does not fall within either of the exceptions to the non-retroactivity rule, the Court declines to apply *Alleyne* in this section 2255 proceeding."); *see also United States v. Cantu-Rivera*, No. H-13-0797, 2013 U.S. Dist. LEXIS 103188, at *3 (S.D. Tex. July 24, 2013); *Smith v. Fed. Bureau of Prisons*, No. 9:13-384-RMG-BM, 2013 U.S. Dist. LEXIS 103643, at *9 n.2 (D.S.C. July 2, 2013). Thus, Sargent is not entitled to relief under *Alleyne*.

In summary, Sargent's record of prior convictions is not an "element" of the offense for which he was charged and convicted. Therefore, under Supreme Court authority, it does not need to be charged in the indictment or submitted to the jury. Further, *Alleyne* is not retroactive to cases on collateral review. And because Sargent's motion was filed more than one year after his conviction became final, his motion is untimely.

Finally, the Court notes that a Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Here, Sargent has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Jerry Lee Sargent's motion to vacate, set aside, or correct his sentence [Record No. 106] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

2. The Court declines to issue a Certificate of Appealability with respect to any issue raised in Sargent's motion.

This 8th day of August, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge