UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> JERRY LEE SARGENT, ) <br> ) <br> Defendant. ) | Criminal Action No. 3: 09-007-DCR <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jerry Sargent pleaded guilty to being a felon in possession of a firearm. He was sentenced to 327 months' imprisonment in February 2010. [Record No. 76] The sentence was affirmed on appeal and upheld against Sargent's challenges under 28 U.S.C. § 2255. Sargent has now filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. [Record No. 134] Because Sargent has not identified extraordinary and compelling reasons, and release would not comport with the factors identified under 18 U.S.C. § 3553(a), the motion will be denied.

Prior to enactment of the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). However, section 3582(c)(1)(A) now provides that

> the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with

- 1 -

> or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

It appears that Sargent has exhausted his administrative remedies, as required under § 3582(c)(1)(A).

Sargent submitted a request for compassionate release to the Warden of his BOP facility on May 16, 2019. [Record No. 140-2] Sargent reported that he suffered from incurable leukemia that had not been treated by the BOP and that he wished to spend his remaining time with family. *Id.* The Warden denied Sargent's request a week later, indicating that Sargent's conditions *were* being treated and that release would minimize the severity of his offense. [Record No. 140-3] Sargent reports that he filed a formal administrative appeal, but never received a response. [Record No. 134, p. 3] The government does not dispute that Sargent has exhausted his administrative remedies.

Sargent is 70 years old, but has not served at least 30 years in prison. Accordingly, the Court must determine whether extraordinary and compelling reasons warrant compassionate release and, if so, whether a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission. § 3582(c)(1)(A). The applicable policy statement is found at U.S.S.G. § 1B1.13. It provides:

> the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set

forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
(1) (A) extraordinary and compelling reasons warrant the reduction; . . .
(2) the defendant is not a danger to the safety of any other person or to the community; as provided in 18 U.S.C. § 3142(g); and
(3) the reduction is consistent with this policy statement.

The Guidelines commentary explains that any of the following constitute "extraordinary and compelling reasons:"

> (A) Medical Condition of the Defendant—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances . . .
> (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Sargent has not demonstrated that "extraordinary and compelling reasons" exist which would support his early release from incarceration. To begin, the record does not indicate that his leukemia is a serious and advanced illness with an end-of-life trajectory. The government has provided a declaration from Heidi Haight-Biehler, D.O., the Clinical Director at the Federal Correctional Complex in Tucson, Arizona, were Sargent is housed. [Record No. 140-

1] She reports that a diagnosis of chronic lymphocytic leukemia was entered in Sargent's chart on August 7, 2017, and a hematology consulted was entered on that date. According to Haight-Biehler, chronic lymphocytic leukemia is a "chronic illness with an indolent course" and the "only treatment is monitoring and observation until the white blood count approaches or reaches 100,000." *Id.* Sargent has undergone regular laboratory studies and his blood count "is not near or has not met the threshold of 100,000." *Id.* Immunizations are offered to prevent secondary infections, but Sargent has declined these with the exception of pneumococcal vaccines. Sargent is also being treated by "lymphoma expert," Dr. Persky, who has confirmed this course of treatment. *Id.*

Even if Sargent's leukemia constitutes a serious medical condition from which he is not expected to recover, he has not established—or even alleged—that it diminishes his ability to provide self-care within the correctional facility. Instead, he alleges that his condition makes him tired and short of breath and that, if released, he could obtain better treatment, food, and the support of his family and community. [Record No. 134, pp. 8-9] But none of these allegations relate to Sargent's ability to perform basic self-care within the institution. Thus, he has not established that there is an extraordinary and compelling justification for compassionate release based on his medical condition. Sargent also does not allege that he has experienced a serious deterioration in physical or mental health *because of the aging process*, nor does he cite family circumstances as a reason for allowing compassionate release.

Even if Sargent had otherwise established extraordinary or compelling circumstances warranting release, the 18 U.S.C. § 3553(a) factors weigh strongly against it. Courts must impose sentences that are "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. The following well-known factors are considered:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
>
> (5) any pertinent policy statement . . . by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

In this case, the nature and circumstances of the defendant's offense are particularly egregious. In March 2009, Sargent escaped from the Branchville Correctional Facility in Branchville, Indiana, where he was serving a 70-year sentence for armed robbery, rape, and other crimes. He and two other inmates effectuated the escape by hitting a maintenance worker in the head with a hammer.

Sargent and his co-defendants caused considerable mayhem following their escape. This includes a display of extreme violence over the course of several days during which Sargent and his cohorts beat numerous victims and robbed them at gunpoint. Additionally, when confronted by law enforcement, Sargent jumped from a moving vehicle with a loaded firearm and attempted to carjack an elderly couple. Sargent also reports a long history of drug and alcohol abuse. [Record No. 134, pp. 7-8] Accordingly, this factor weighs heavily against release and strongly suggest that Sargent is likely to remain a danger to his community. *See* 18 U.S.C. § 3142(g).

Reducing Sargent's sentence also would unduly diminish the seriousness of his crime, would not promote respect for the law, and would not serve the need of protecting the public from future crimes. Looking at Sargent's crime of conviction in a vacuum, there is a clear public interest in preventing felons from possessing firearms. *See United States v. Weber*, No. 3:91cr138(DJN), 2020 WL 618828 (E.D. Va. Feb. 10, 2020) (citing *United States v. Pruess*, 703 F.3d 242, 247-48 (4th Cir. 2012)). However, the totality of the circumstances paints a much more alarming picture. Sargent was consistently involved in criminal activity throughout his adult life until he was convicted of rape, sodomy, armed robbery, and other crimes, and sentenced to 70 years' imprisonment, when he was 37 years old. He escaped from prison in 2009 when he was 59 years old. This conduct indicates that, after 20 years of imprisonment, Sargent still maintained a propensity for violence and a lack of respect for the law. And while Sargent has expressed a desire to be reunited with his family, he has not presented any evidence of rehabilitation since the time he committed his most recent offense.

Sargent contends that early release would enable him to obtain superior medical care, but he has not explained what type of care he seeks or why he needs it. After all, he has declined most of the care offered to him in custody, including routine immunizations. Accordingly, this factor also weighs against granting the defendant's motion for release.

Finally, Sargent's guidelines range was 262 to 327 months. Releasing him before he has served even the low end of this range would not serve the need of avoiding unwarranted sentencing disparities.

Accordingly, it is hereby

**ORDERED** that the defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018 [Record No. 134], is hereby **DENIED**.

Dated: February 24, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky